606 So.2d 728 (1992)
The PUBLIC HEALTH TRUST OF DADE COUNTY, FLORIDA, Appellant,
v.
GEORGE HYMAN CONSTRUCTION COMPANY, a Maryland corporation, and Smith, Korach, Hayet, Haynie Partnership, a Florida Corporation, Appellees.
No. 92-683.
District Court of Appeal of Florida, Third District.
October 20, 1992.
Rehearing Denied November 24, 1992.
*729 Robert A. Ginsburg, Dade County Atty., Robert L. Blake, Asst. County Atty., and Augusto E. Maxwell, Asst. County Atty., for appellant.
Daniels, Kashtan & Fornaris, Coral Gables, and David B. Pakula, Miami, for appellees.
Before SCHWARTZ, C.J., and FERGUSON and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, the Public Health Trust of Dade County, Florida, (Trust), appeals an adverse summary judgment in favor of appellee, Smith, Korach, Hayet, Haynie Partnership, (Architects). We reverse.
The fountainhead of this appeal concerns a contract where the Trust hired the Architects to "monitor" construction work on the Trust's building project. The pertinent portions of the contract provide:
1.3.3 Construction Administration Services.

1. The Consultant shall provide Administrative Services on the site and at his home office for the construction work in whatever degree of manpower and expertise is necessary to monitor the construction administration and to determine if the work is proceeding in accordance with the intent of the contract documents. These services shall include daily attendance at the site of an individual experienced as an engineer, architect, or construction superintendent. William E. Haynie, a Principle, or in his absence, another Principle, shall visit the site at least once a week. A written report shall be prepared each time a representative of the Consultant visits the site and a copy will be furnished to the Trust. The Consultant shall endeavor to guard the Trust against defects and deficiencies in the work, but he shall not be responsible for the acts or omissions of the Contractor, or any Subcontractors, agents or employees of any persons performing any of the work, but he will bring them to the attention of the Trust in writing. The Consultant shall have the sole authority and duty to reject work which does not conform to the contract documents.
2. The Consultant shall mainly assist the Trust in the official administration of the construction contract. The Consultant, as a representative of the Trust during the Construction Phase, shall advise and consult with the Trust. All instructions to the contractors shall be issued by the Consultant.
* * * * * *
8. The Consultant shall not be responsible for construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the work, and he shall not be responsible for a Contractor's failure to carry out the work in accordance with the Contract Documents. The Consultant is charged with the responsibility to monitor the contractor's operations ... and if he observes or is informed by representatives *730 of the Trust of any operations or materials being installed by the Contractors which are not in accordance with the Contract Documents, he shall immediately inform the Trust and the Contractor. The Contractor will promptly provide for correction of all work rejected by the Consultant as defective or failing to conform to the Contract Documents whether observed before or after substantial completion and whether or not fabricated, installed or completed.
Within three years after the building project was completed, the air conditioning system began leaking extensively. The Trust sued the Architects for breach of its contractual duty to monitor and guard against deficiencies in the building contractor's work.
The Trust asserts that summary judgment was error because there are material questions of fact concerning the architects' breach of contractual duty to monitor the building contractor's work. Architects contend that summary judgment was correct, as a matter of law, based on the exculpatory language in the parties' contract.
The trial court relied on Shepard v. City of Palatka, 414 So.2d 1077 (Fla. 5th DCA 1981). In Shepard, an architectural contract contained exculpatory language almost identical to the contract before us. Yet the Shepard exculpatory language is the only similarity between the two contracts. The architects here have duties and responsibilities different than those in the Shepard contract[1].
Further, Shepard states that an architect may be liable in some circumstances, regardless of the contractual exculpatory language:
In a proper factual situation, where it is demonstrated that the architect ignored his contractual duty to make periodic visits to the site, liability could possibly lie regardless of such exonerating language.
Shepard v. City of Palatka, 414 So.2d at 1078.
Thus, the exculpatory provisions of this contract may apply depending on whether the architects performed their obligations under the contract in a Roark-like manner. Because questions of fact remain, the summary judgment is reversed.
Reversed and remanded.
NOTES
[1] Even on its own facts, we have doubts about the correctness of the result in Shepard. Specifically, we do not believe that the fact that the exculpatory clause provided that the architect was not himself vicariously liable for the contractor's omissions "protected [the architect] because it imposed no duty upon him to discover" those omissions or "clearly absolved him of liability if there were ... such omissions." Shepard v. City of Palatka, 414 So.2d at 1078-1079.